```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION

LEVI HODGES,                      *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *
                                         CASE NO. 3:12-CV-150 (CDL)
UNITED STATES OF AMERICA and      *
KELLY TAYLOR,
                                  *
     Defendants.
                                  *
```

O R D E R

This action arises from a levy by the Internal Revenue Service ("IRS") in 2011 on property owned by Plaintiff Levi Hodges ("Hodges") in Lavonia, Georgia for taxes that were due for the years 2001 through 2007. Based on the allegations in Hodges's *pro se* Complaint and the exhibits filed with it, it is undisputed for purposes of this action that Hodges owed the taxes upon which the levy was based and that he received the required notices of the intent to levy. Nevertheless, Hodges filed a Complaint asserting claims against the United States of America ("the Government") and Kelly Taylor, a tax collection agent, contending that the IRS engaged in unauthorized and procedurally improper tax collection activities. The Government filed a Motion to Dismiss the Complaint (ECF No. 3). In response to this motion, Hodges abandoned all of his claims except for those against the Government relating directly to the

alleged procedural deficiencies of the IRS's collection activities. For the following reasons, the Court grants the Government's motion to dismiss Hodges's remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*,

2

495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## DISCUSSION

A taxpayer can sue the Government based on the IRS's failure to follow proper procedures in issuing a notice of intent to levy. *See Stoecklin v. United States,* 943 F.2d 42, 43 (11th Cir. 1991) (stating that pursuant to the Government's waiver of sovereign immunity, "a taxpayer may challenge the procedural validity of a federal tax lien under [28 U.S.C.] § 2410."). Significantly, however, a taxpayer may not bring a lawsuit to challenge the validity of the underlying tax assessment. *Id.* To the extent Hodges's remaining claims purport to assert claims challenging the validity of the tax assessments against him, those claims are dismissed for lack of subject matter jurisdiction.

Hodges's remaining claims attack the IRS's alleged failure to follow proper procedures in issuing notices of intent to levy and collecting the taxes he owed. Compl. ¶¶ 54-56, 64, 66, ECF No. 1. Hodges argues that the IRS had no legal authority to institute collection and levy proceedings against him because he is not a person subject to collection under the Internal Revenue Code, 26 U.S.C. § 6331, Compl. ¶ 54; he is not subject to collection proceedings because he is not under contract with the Government, *id.* ¶ 56; and, the IRS does not have authority to

3

collect unpaid income taxes from him, *id*. ¶ 66. Hodges's arguments are frivolous.

Section 6331 authorizes the IRS to collect taxes from "any person liable to pay any tax." *See* 26 U.S.C. § 6331(a) ("If any person liable to pay any tax neglects or refuses to pay the same . . . it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property . . . belonging to such person"); 26 U.S.C. § 7701(a)(11)(B), (12) (defining "Secretary" as a delegate of the Secretary of the Treasury, including authorized agencies such as the IRS). Hodges is clearly subject to collection by IRS levy for failure to pay taxes due. Hodges's Complaint and its exhibits establish that Hodges owed taxes, that he received notice of the intent to levy, and that the levy was carried out within the requirements of the law. His general allegation that the IRS misapplied the law to him is simply wrong. Moreover, he has alleged no specific facts to support his conclusory allegation that the law was misapplied. Finally, Hodges's argument that his due process rights were violated because he did not receive a civil complaint, a probable cause hearing, or an order or judgment from a court before the IRS made the levies is meritless. Compl. ¶¶ 30, 32-33. The IRS did not institute a civil action to collect Hodges's unpaid taxes. Instead, the IRS collected the taxes by levy as authorized under 26 U.S.C. § 6331. Hodges

4

has simply failed to state any claim upon which relief may be granted, and consequently, the remaining claims that he did not abandon must be dismissed.

CONCLUSION

For the reasons explained in this Order, the Court grants the Government's Motion to Dismiss (ECF No. 3) and dismisses Hodges's Complaint in its entirety.

IT IS SO ORDERED, this 10th day of April, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
